## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF KENTUCKY
## LOUISVILLE DIVISION

| | |
|---|---|
| SUSAN WHITTAKER, | ) |
| Plaintiff, | ) |
| | ) No. 3:10-cv-610-H |
| vs. | ) |
| | ) |
| U.S. RECOVERY SERVICES, LLC, | ) **JURY DEMAND ENDORSED HEREON** |
| | ) |
| Defendant. | ) |

## COMPLAINT

NOW COMES the Plaintiff, SUSAN WHITTAKER, by and through her attorney, KYLE R. SALYER, and for her Complaint against the Defendant, U.S. RECOVERY SERVICES, LLC, Plaintiff alleges and states as follows:

## PRELIMINARY STATEMENT

1. This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act (hereinafter the "FDCPA"), 15 U.S.C. § 1692, *et seq*.

## JURISDICTION AND VENUE

2. Jurisdiction arises under the FDCPA, 15 U.S.C. § 1692, *et seq*. Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b), as a substantial part of the events and omissions giving rise to the claim occurred within this District.

## PARTIES

3. Plaintiff is an individual who was at all relevant times residing in Louisville, Kentucky.

4. Plaintiff is a "consumer" as defined in 15 U.S.C. § 1692a(3), as she is a natural person allegedly obligated to pay a debt.

5. At all relevant times, Defendant acted as a "debt collector" within the meaning of 15 U.S.C. § 1692a(6), in that it held itself out to be a company collecting a consumer debt allegedly owed by Plaintiff.

6. On information and belief, Defendant is a corporation of the State of Colorado, which is not licensed to do business in Kentucky and which has its principal place of business in Fort Collins, Colorado.

## COUNT I

(Violation of the Fair Debt Collection Practices Act)

7. On or about July 15, 2009, Defendant's representatives and/or employees, including but not limited individuals who identified themselves as Brian Santo (hereinafter "Santo") and Brian Black (hereinafter "Black"), began contacting Plaintiff by telephone at her home and at her place of employment in attempts to collect the aforementioned alleged debt.

8. During telephone conversations between Plaintiff and Defendant's representatives, Santo and/or Black used obscene and/or profane language with Plaintiff and threatened legal action against her. However, Defendant has no standing to take legal action against Plaintiff in regard to the alleged debt.

9. During the aforementioned telephone conversations, Plaintiff informed Santo and/or Black that she was not allowed to receive calls of a personal nature at her place of employment. However, Santo and/or Black continued to place telephone calls to Plaintiff's place of employment in attempts to collect the aforementioned alleged debt.

10. On or about July 28, 2009, Plaintiff mailed a letter to Defendant requesting for all future communications with her take place by electronic mail only. A copy of said letter is attached hereto as Exhibit 1.

11. On or about July 30, 2009, and again on or about August 1, 2009, Plaintiff sent an email message to Santo reiterating her request that all future communications with her take place by electronic mail only. A copy of said email message is attached hereto as Exhibit 2.

12. On or about January 20, 2010, Santo contacted Plaintiff's mother-in-law by telephone in an attempt to collect the aforementioned alleged debt. During this telephone conversation, Santo disclosed to Plaintiff's mother-in-law both the name of his company and that Plaintiff owed an alleged debt. Santo also falsely claimed to Plaintiff's mother-in-law that her name had been provided to Defendant as a reference by Plaintiff.

13. On or about January 28, 2010, Santo left a voice mail message for Plaintiff at her place of employment. Santo stated in that message that "not paying a debt is shameful, and also threatened to call Plaintiff's mother-in-law again if she did not pay the alleged debt.

14. In its attempts to collect the aforementioned alleged debt, Defendant violated the FDCPA in one or more of the following ways:

    a. Identifying the name of Defendant's company while communicating with a person other than Plaintiff without having been expressly requested to do so, in violation of 15 U.S.C. § 1692b(1);

    b. Communicating with a person other than Plaintiff and stating to such person that Plaintiff owes an alleged debt, in violation of 15 U.S.C. § 1692b(2);

    c. Communicating with Plaintiff at her place of employment after she advised Defendant that her employer prohibits her from receiving such phone calls while she is working, in violation of 15 U.S.C. § 1692c(a)(3);

    d.    Communicating with someone other than Plaintiff in connection with the collection of the alleged debt without a proper purpose, in violation of 15 U.S.C. § 1692c(b);

    e.    Continuing to communicate with Plaintiff after Defendant was notified in writing that she wished for Defendant to cease further communication with her, in violation of 15 U.S.C. § 1692c(c);

    f.    Using obscene or profane language and/or language the natural consequence of which was to abuse Plaintiff, in violation of 15 U.S.C. § 1692d(2);

    g.    Causing a telephone to ring or engaging Plaintiff in conversation repeatedly and continuously with the intent to annoy, abuse or harass Plaintiff, in violation of 15 U.S.C. § 1692d(5);

    h.    Threatening to take action that could not legally be taken and/or that was not intended to be taken, in violation of 15 U.S.C. § 1692e(5); and

    i.    By acting in an otherwise deceptive, unfair and unconscionable manner and failing to comply with the FDCPA.

15.    As a result of Defendant's violations as aforesaid, Plaintiff has suffered and continues to suffer personal humiliation, embarrassment, mental anguish and emotional distress.

WHEREFORE, Plaintiff, SUSAN WHITTAKER, respectfully prays for a judgment against Defendant as follows:

    a.    Statutory damages of $1,000.00 for each violation of the FDCPA;

    b.    All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff; and

      c.      Any other relief deemed appropriate by this Honorable Court.

## **JURY DEMAND**

Pursuant to Civil Rule 38, Plaintiff hereby demands a trial by jury on all issues in this action, except for any issues relating to the amount of attorneys' fees and litigation costs to be awarded should Plaintiff prevail on any of her claims in this action.

                                      Respectfully Submitted,

                                      /s/ Kyle R. Salyer
                                      Kyle R. Salyer (91435)
                                      Attorney for Plaintiff
                                      P.O. Box 2213
                                      Paintsville, KY 41240
                                      (888) 493-0770, ext. 307 (phone)
                                      (866) 551-7791 (facsimile)
                                      Kyle@LuxenburgLevin.com